<span>CREWS v. SHEETS.</span>

---

## CREWS v. SHEETS.

A justice of the peace rendered a judgment for *A.* the plaintiff, and the defendant *B.* appealed. The justice failed to transmit the papers in time to the clerk's office, and the appeal was dismissed. *B.* sued the justice for this neglect. *Held*, that the declaration, in such case, should state that *B.* had a good defence to the whole or a part of *A.'s* demand.

APPEAL from the *Boone* Circuit Court. <span>*Monday, April 10, 1837.*</span>

BLACKFORD, J.—Trespass on the case against *Sheets*, a justice of the peace, for a neglect of duty. The declaration states that *John Dye* recovered a judgment before the defendant, a justice of the peace, against the plaintiff for the sum of 50 dollars; that the plaintiff, within 30 days from the judgment, filed a good appeal-bond which was accepted by the justice; and that it thereby became the duty of the justice to transmit the papers in the cause to the clerk's office, within 20 days after the appeal-bond was filed. The declaration states further, that the justice did not, within the 20 days, transmit the papers to the clerk's office; and that the appeal was consequently dismissed at the plaintiff's costs. Damage 200 dollars. The declaration was demurred to, and a judgment rendered for the defendant.

This declaration is objectionable for not stating, that *Crews* had a good defence to the whole or a part of the original demand. It appears to us that, without such a defence, the plaintiff can have no reason to complain that he lost the appeal by the neglect of the justice. He could have derived no benefit from the appeal, unless he had some defence to make to the suit.

Actions against sheriffs for escapes are similar in principle to the case before us. When the suit against a sheriff is for an escape on *mesne* process, the declaration must aver a good cause of action against the original defendant; and when the action is for an escape on execution, the judgment on which the execution issued must be averred. 2 Stark. Ev. 740, 742. The law must be the same in the case we are considering. If the plaintiff in the justice's Court had been refused an appeal, and he had sued the justice for the refusal, the declaration must have shown a cause of action in the original suit. So, when the defendant before the justice sues him for the refusal of an appeal, his declaration should allege that he had a good defence to the whole or a part of the demand for which the judgment was rendered. There must be a breach of duty in these cases of which the plaintiff has a right to complain, and from which the law will presume that he has sustained a damage.

This case is not like an action by a client against his attorney for neglecting to plead to a suit. The client is not, in such a case, obliged to show that he had a good defence to the original demand. *Godefroy* v. *Jay*, 7 Bing. 413. In that case, there is a contract between the attorney and client founded upon a valid consideration, and the negligence is a breach of that contract. But the *gravamen* in the present case is not a breach of contract but a tort. It is the justice's neglect of his duty, and the plaintiff's consequent loss of his defence to the original action, which are the foundation of the suit. The declaration before us, therefore, should not only have stated the negligence of the justice, but it should also have shown that the plaintiff had a good defence to the whole or a part of the action, which defence had been lost by the negligence complained of. The existence of such a defence is not averred in this declaration, and the plaintiff has therefore shown no cause of action.

*Per Curiam.*—The judgment is affirmed with costs. To be
certified, &c.

J. *Morrison* and W. *Quarles,* for the appellant.
*H. Brown* and C. C. *Nave,* for the appellee.