Nov. Term,
1838.

PETERS
v.
LAND.

PETERS and Others *v.* LAND.

A defendant against whom a justice of the peace had rendered judgment, and who had appealed, sued the justice for not filing the papers in the appeal in time. The declaration averred that the plaintiff before the justice had no just or legal cause of action against the now plaintiff. *Held*, that it was no objection to the averment that the subject-matter of the demand or defence in the first suit was not set out.

*Tuesday,*
*November 20.*

ERROR to the *Switzerland* Circuit Court.

SULLIVAN, J.—This was an action on the case brought by the plaintiffs against the defendant, who was a justice of the peace of *Switzerland* county, for official negligence. The declaration states that a suit was commenced by one *Mercer* against the plaintiffs before the defendant *Land*, and that judgment was rendered against them by said *Land* for the sum of .25 dollars and 50 cents; that the plaintiffs prayed an appeal from said judgment to the Circuit Court of the county, and gave bond in due form and to the acceptance of *Land*, which was received by him and the appeal allowed. The declaration further avers, that *Mercer* had not any just or legal cause of action against the plaintiffs or either of them, nor did he set forth in the statement of his cause of action filed in the justice's Court, any sufficient or legal cause or ground of action; that the judgment against them was wholly erroneous and unjust, and ought to have been rendered in their favour by the justice of the peace, and would have been rendered in their favour in the Circuit Court if the defendant had filed the appeal papers according to law; that they had merits in their appeal, and the judgment against them ought to have been reversed; that the defendant *Land*, notwithstanding the premises, failed, neglected, and refused to make and certify a full and complete transcript of the proceedings had before him, and to cause it, together with the papers in the case, to be filed in the clerk's office within 20 days (1).

To this declaration the defendant demurred; the plaintiffs joined in demurrer; and the Circuit Court gave judgment for the defendant.

It is contended by the defendant that the declaration in this case is defective, because it does not show what the

cause of action was in the suit tried before the justice of the peace, nor does it show what was the defendants' defence.

We have heretofore decided, that in a case of this kind, the plaintiff here, if he were the plaintiff in the suit before the justice of the peace, must prove that he had a good cause of action against the original defendant, or if he were defendant there, that he had a good defence. *Crews* v. *Sheets*, 4 Blackf. 275.—*Mills* v. *Barnes*, *Id.* 438. It is not necessary, however, that the subject-matter of his demand, or of his defence, be set out in the declaration. An averment in the one case that he had a good cause of action against the defendant, or, in the other, that he had a good defence to the suit brought against him, will be sufficient. In an action against a sheriff for an escape on mesne process, the law is so settled, and the principle will undoubtedly apply in the present case. See 2 Chitt. Pl. 738, note (f).

The declaration in this case sufficiently shows, that the plaintiffs had an available defence to the suit brought against them before the justice of the peace. They aver that *Mercer* had no good or legal cause of action against them, and this averment is not denied but admitted. They had a right to place their defence on the insufficiency or illegality of the plaintiff's cause of action, for if he had not a good cause of action against them, their defence was complete.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall* and *J. C. Eggleston*, for the plaintiffs.
*S. C. Stevens*, for the defendant.

(1) The appeal was formerly dismissed if the justice did not file the papers in time in the clerk's office. *Barnes* v. *Modisett*, Vol. 3 of these Rep. 253. But the law is now otherwise. Stat. 1839, p. 37.